UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE**
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340



**WILLIAM J. MARTINI
 JUDGE**

# LETTER OPINION

June 4, 2010

Bohdan Senyszyn
#26986-505
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232
    *(Pro Se Petitioner)*

James B. Nobile
Office of the U.S. Attorney
970 Broad Street
Room 502
Newark, NJ 07102
    *(Attorney for Respondent United States of America)*

    Re:   *Bohdan Senyszyn v. United States of America*
           Civil Action No. 09-6120

Dear Litigants:

    This matter comes before the Court on the motion of *pro se* prisoner Bohdan Senyszyn ("Senyszyn" or "Petitioner") to vacate, set aside, or correct his plea-bargained sentence pursuant to 28 U.S.C. § 2255. There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, the motion is **DISMISSED WITH PREJUDICE** and the relief requested therein is **DENIED**.

1

**I.     BACKGROUND**

Petitioner was formerly employed as a Revenue Agent for the Internal Revenue Service ("IRS") in Paterson, NJ.  (Presentence Report ("PSR") ¶ 16).  Without the IRS's knowledge, Petitioner improperly held a second job, managing the financial affairs of a business owned by a friend.  (*Id*. at ¶¶ 17, 19).  In that capacity, Petitioner converted the company's funds for his own personal benefit and committed tax evasion.  (*Id*. at ¶¶ 20-21, 25, 32, 43-44, 61, 65).  In April 2006, a grand jury returned a seven- count indictment against Petitioner.  (Respondent's Answer ("Resp. Ans.") at 4).  A superseding indictment included an eighth count.  (*Id*.)

On September 19, 2007, Petitioner and the Government executed a written plea agreement (the "Plea Agreement").  Pursuant to its terms, Petitioner agreed to plead guilty to a four- count superseding information charging him with (1) filing false returns while employed as an IRS revenue agent in violation of 26 U.S.C. § 7201 (Count 1); (2) tax evasion for tax year 2003 in violation of 26 U.S.C. § 7201 (Count 2); (3) structuring financial transactions in violation of 31 U.S.C. § 5324(a)(3) (Count 3); and (4) bank fraud in violation of 18 U.S.C. § 1344 (Count 4).  (Plea Agreement at 1).  In exchange for his guilty plea, the government agreed to dismiss the eight- count superseding indictment against him and to initiate no further charges against him or his wife.  (*Id*.).  The Plea Agreement also included several factual stipulations describing the nature of Petitioner's conduct, a waiver of the right to challenge those stipulations if they were accepted by the Court, and a waiver of Petitioner's right to file any appeal or collateral attack if his sentence fell within or below the Guidelines range that results from a Total Guidelines Offense Level of 23, which is 46 to 57 months.   (*Id*. at 3-4, 12-13).

The following day, Petitioner appeared in court to enter a guilty plea to all four counts of the superseding information.  (*See* Transcript of Plea Hearing (Sept. 20, 2007) ("Plea Hearing Trans.") at 2-3; Resp. Ans. at 6).  The district judge questioned him to ensure that the plea was knowing and voluntary and that Petitioner was aware of his potential sentencing exposure.  (Plea Hearing Trans. at 3-18; Resp. Ans. at 6-7).  The Court was satisfied with Petitioner's answers, finding that Senyszyn was "fully competent and capable," and accepted the plea.  (Plea Hearing Trans. at 24-25; Resp. Ans. at 8).

 In December 2007, following the entry of his plea but prior to sentencing, Petitioner moved the Court to withdraw his guilty plea with respect to Count 2 (tax evasion) only, arguing that he was actually innocent of the conduct charged and had misunderstood the terms of the plea agreement.  (*See* Petitioner's December 17, 2007 letter).  The Court denied the motion to withdraw, finding that Petitioner's guilty plea had been made knowingly and voluntarily and that his proffer to the Court at that time met all the elements of tax evasion.  (*See* Transcript of Sentencing Hearing (Feb. 21, 2008) ("Sent. Hearing Trans.") at 16-17; Resp. Ans. at 13).  Petitioner appealed the denial to the Third Circuit, which affirmed the District Court.  *U.S. v. Senyszyn*, 338 Fed.Appx. 201 (3d Cir. 2009).  In affirming, the Third Circuit held that Petitioner failed to meet his substantial burden to meaningfully reassert his innocence.  *Id*. at 7-9.

At sentencing, the Court calculated a total offense level of 22, a criminal history category of 1, and an advisory Guidelines imprisonment range of 41 to 51 months. (Sent. Hearing Trans. at 55; Resp. Ans. at 14). The Court then granted a downward departure resulting in a sentence of 34 months' imprisonment. (Sent. Hearing Trans. at 55-56; PSR ¶ 201; Resp. Ans. at 14). This was significantly less than the 46 to 57 month range defined as "reasonable" in the Plea Agreement's appellate waiver. (Resp. Ans. at 14).

Petitioner never directly appealed his sentence or conviction with respect to Counts 1, 3, and 4 of the superseding information. As described above, the only issue Petitioner raised on appeal was the denial of his motion to withdraw his guilty plea as to Count 2, which was denied by the Third Circuit. *Senyszyn*, 338 Fed.Appx. at 201. Presently before the Court is Senyszyn's petition pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. (*See* CM/ECF Docket Entry No. 1).

## II.     ANALYSIS

28 U.S.C. § 2255 provides that a prisoner in custody serving a sentence imposed by a federal court may move the court that imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255. However, the statute does not afford a remedy for all errors that may have been made at trial or at sentencing. *United States v. Addonizio*, 442 U.S. 178 (1979). Errors warranting modification must raise "a fundamental defect which inherently results in a complete miscarriage of justice." *Id*. at 185 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). A prisoner can challenge his or her sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255.

Here, Petitioner raises three challenges to the sentence imposed: (1) that he is innocent of the allegations contained in all four counts, such that his guilty plea lacked sufficient factual bases; (2) the sentences that he received for each count were unreasonable; and (3) he received ineffective assistance of counsel at his plea hearing and on appeal.[1] The United States ("Respondent" or the "Government") opposes these challenges and also raises the issue of waiver, which is addressed at the outset.

### A.     The Government's Waiver Argument

In his Plea Agreement dated September 19, 2007, Petitioner agreed to waive his right to file an appeal, collateral attack, writ or motion after sentencing, including a § 2255 motion, if the "sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 23," equivalent to 46 to 57 months. (Plea Agreement at 12-13). The 34 month sentence that Senyszyn received was well below this range. As such, Senyszyn has waived his right to file a §2255 motion. The only question remaining for this Court's consideration is the validity of the waiver.

---

[1] Petitioner was represented at the plea hearing by an Assistant Federal Public Defender, K. Anthony Thomas, and was later appointed appellate counsel, Ruth M. Liebesman, Esq. He appeared *pro se* at his sentencing. (Resp. Ans. at 2).

Waiver of the right to file a § 2255 motion in a plea agreement is enforceable provided that the waiver was knowing and voluntary. *See U.S. v. Khattak*, 273 F.3d 557, 561-62 (3d Cir. 2001); *see also U.S. v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). In determining whether a waiver of the right to appeal was knowing and voluntary, the findings of the sentencing judge are critical. *See Gwinnett,* 483 F.3d at 203 (upholding waiver as valid when the sentencing judge, in accordance with Fed. R. Civ. P. 11, questioned the defendant at his plea hearing and concluded that he understood the terms of his plea agreement and was entering into it voluntarily).

Here, the evidence plainly shows that Senyszyn entered into his plea agreement and waived his rights to appeal or file a collateral attack knowingly and voluntarily. First, Petitioner has not argued to the contrary. Second, the language of the plea agreement was clear as to its purpose to bind Senyszyn and the Government as to its provisions, including the sentence. (Plea Agreement at 12-13). Because both parties agreed not to file any appeals, the agreement contained a mutual waiver of rights. (*Id*.) Third, and most importantly, the Court questioned Senyszyn at length at the plea hearing on September 20, 2007 to ensure that the plea and waiver were being made knowingly, intelligently, and voluntarily, and that Senyszyn was aware of his potential sentence exposure. (Plea Hearing Trans. at 3-18).

Specifically, at the plea hearing, the Court asked Petitioner if he had gone over the counts in the Plea Agreement with his lawyer, to which he responded affirmatively. (Plea Hearing Trans. at 8; Resp. Ans. at 7). The Court also asked if he understood that he was giving up certain rights by pleading guilty and if he was giving up these rights "knowingly and voluntarily," to which Petitioner responded "Yes, sir." (Plea Hearing Trans. at 10; Resp. Ans. at 7). Next the Court asked if he had discussed these rights with his lawyer, to which he responded "Yes, your honor." (*Id*.). Then the Court added "[a]nd nobody is forcing you to give them up?" to which Petitioner replied "No, your honor." (*Id*.). Petitioner also indicated that he had thoroughly gone over the terms of the Plea Agreement with his attorney and voluntarily entered into the agreement after his attorney answered any questions he might have had. (Plea Hearing Trans. at 15-16; Resp. Ans. at 7). Finally, the Court went over the factual bases for the four counts to which Petitioner was pleading guilty and asked if he was pleading guilty to the crimes because he was actually guilty of those offenses, to which Petitioner replied "[y]es, I am." (Plea Hearing Trans. at 18-24; Resp. Ans. at 7). At the conclusion of the hearing, the Court stated that it was satisfied that Senyszyn was "fully competent and capable of entering an informed plea" and was "aware of the nature of the charges and the consequences of the plea," and found that the plea was a "knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense." (Plea Hearing Trans. at 24-25; Resp. Ans. at 8). For these reasons, the Court now concludes that Petitioner's waiver was valid and that he is barred from bringing the instant motion.

**B.    Senyszyn's Arguments**

Even if the Court had not concluded that the instant motion was barred outright,

4

Senyszyn's arguments related to the insufficiency of the factual bases for his guilty plea, the unreasonableness of his sentence, and ineffective assistance of counsel lack merit or are procedurally defective for additional reasons.

### 1. Claim of Actual Innocence and Insufficient Factual Basis for the Entry of Petitioner's Guilty Plea

Petitioner argues that he is actually innocent of the conduct charged and that the factual bases for the entry of his guilty plea are insufficient. However, Petitioner cannot make this argument because the Plea Agreement not only contained a waiver of his right to file a § 2255 motion in general but also of his right to challenge the specific factual stipulations set out in the document and establishing the basis of his illegal conduct, as long as they were accepted by the Court. (Plea Agreement at 13). As described above, the Court questioned Petitioner at the plea hearing, concluded that his entry into the Plea Agreement was knowing and voluntary, and therefore accepted the stipulations. (Plea Hearing Trans. 10, 15-16, 24-25; Resp. Ans. at 7-8). Because the Court continues to conclude that Petitioner's entry into the Plea Agreement and his waiver of rights was knowing and voluntary, Plaintiff is prohibited from now arguing that he is actually innocent or that there are insufficient factual bases to support his guilty plea.

Petitioner is further barred from making this argument because, with respect to Counts 1, 3, and 4, he is attempting to raise it for the first time on collateral review. Petitioner's failure to raise this issue at an earlier juncture means that he has procedurally defaulted and thus waived the argument. *See U.S. v. Frady*, 456 U.S. 152, 167-168 (stating that in general, claims not raised on direct appeal cannot be raised for the first time on collateral review). Procedural default can be excused only if the petitioner can demonstrate both cause for the default and prejudice that resulted from it. *Id*.

It is well-settled that ineffective assistance of counsel can satisfy the "cause" prong of a procedural default inquiry. *See U.S. v. Mannino*, 212 F. 3d 835, 840 (3d Cir. 2000). However, in order to do so, the ineffective assistance must rise to the level of a constitutional deprivation as defined in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id*. Therefore, a party must demonstrate both that (1) counsel's performance was deficient and contained errors so serious that 6th Amendment protections were denied, and (2) the deficient performance prejudiced the party. *Id*. (quoting Strickland, 466 U.S. at 688). The prejudice requirement means that a petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting Strickland, 466 U.S. at 694). Here, it is apparent that Petitioner cannot satisfy the prejudice requirement, because given the waiver provision in the Plea Agreement, even if counsel had tried to raise this issue on appeal, she would have been barred from doing so. Therefore, Petitioner was not harmed by counsel's failure to raise these arguments on appeal. Because Petitioner cannot demonstrate ineffective assistance of counsel, he has not established cause for his procedural default, and therefore it cannot be set aside or excused. Petitioner's argument lacks all merit.

### 2. Claim that Senyszyn's Sentence Was Unreasonable

Petitioner also argues that the sentence he received, 34 months, is unreasonable. However, in addition to containing language that waived the right to file a § 2255 motion as described above, the Plea Agreement also provided that any sentence falling within the Guidelines range resulting from the agreed Total Guidelines Offense Level of 23 would be deemed reasonable. (Plea Agreement at 12). A Total Guidelines Offense Level of 23 yields a sentence of 46 to 57 months. Here, Petitioner's sentence of 34 months falls far below this range. A party is precluded from challenging a sentence that is within or below a range deemed "reasonable" in a plea agreement. *See U.S. v. Lopez*, 526 F.3d 1128, 1128-1129 (8th Cir. 2008) (stating that a defendant cannot appeal a sentence that falls within a range he agreed was "reasonable"); *see also U.S. v. Parker*, 874 F.2d 174, 177-178 (3d Cir. 1989).

Furthermore, as described above, Petitioner has procedurally defaulted by failing to raise this argument earlier. As such, the argument is waived. The procedural default cannot be excused by ineffective assistance of counsel because, as also described above, Petitioner waived his right to a direct appeal in the Plea Agreement and therefore was not harmed by his counsel's course of conduct. Clearly, his argument fails.

### 3. Claim of Ineffective Assistance of Counsel

Petitioner further argues that he received ineffective assistance of counsel, both at his plea hearing and on appeal. This argument also lacks merit. To succeed, an ineffective assistance of counsel claim must demonstrate both that (1) counsel's performance was deficient and contained errors so serious that 6th Amendment protections were denied, and (2) the deficient performance prejudiced the party. *Strickland*, 466 U.S. at 688. To the extent that Petitioner claims his attorney was ineffective for failing to make certain arguments on appeal, Petitioner cannot satisfy the prejudice prong because the waiver contained in the Plea Agreement means that counsel could not have successfully raised these arguments on appeal. Therefore, there was no prejudice.

To the extent that Petitioner argues his counsel was ineffective for negotiating an unfavorable plea agreement, this is equally unavailing. Petitioner again fails to demonstrate prejudice, because he has made no showing whatsoever that he would have received a more favorable sentence had he not entered into the plea agreement and proceeded to trial. Thus, Petitioner cannot successfully make out a claim for ineffective assistance of counsel.

## III. CONCLUSION

For the reasons stated above, Senyszyn's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby **DENIED** and the petition is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**